IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

MARTINELLI HOLDINGS LLC )
d/b/a TODAY MEDIA, )
)
)
Plaintiff, )
)
v. )     C.A. No. 19-cv-00467-MN
)
THAT'S GREAT NEWS, LLC )
and ROBERT R. ROSCOE, )
)
Defendants. )

**AMENDED COMPLAINT FOR COPYRIGHT, TRADEMARK
AND TRADE DRESS INFRINGEMENT, AND UNFAIR
COMPETITION**

Plaintiff, Martinelli Holdings LLC d/b/a Today Media ("Today Media"), by and through

its attorneys, hereby files this Complaint against Defendants, That's Great News, LLC ("TGN")

and Robert R. Roscoe ("Roscoe"), for copyright, trademark and trade dress infringement and unfair

competition and pleads and alleges as follows:

**I.   STATEMENT OF THE CASE**

1.      TGN and Roscoe, Defendant's owner, are no stranger to suits for copyright and

trademark infringement – their business model is based on the infringement of intellectual property

from print media.

2.      Defendants solicit business from people featured in business and other media by

selling plaques memorializing their media appearance; they do this by reproducing the medias'

copyrighted works as taken by Defendants from the media in which the article was published.  As

well as engaging in copyright infringement, Defendants cause significant confusion in the eyes of

consumers, and engage in trademark infringement by using the names of the media as part of their

product and their sales pitch.

## II.   THE PARTIES

3.      Martinelli Holdings LLC, is a Delaware limited liability company with a principal place of business located at 3301 Lancaster Pike, Wilmington, Delaware 19805 and does business as Today Media. Today Media is in the business of publishing numerous periodicals by print and electronic means, including *Delaware Business Times* and *Delaware Today*, and marketing, selling and distributing the publications throughout Delaware and Pennsylvania under numerous trademarks including DELAWARE BUSINESS TIMES and DELAWARE TODAY.  Plaintiff sells plaques to people and businesses that are the subjects of its articles, which plaques reproduce the contents of those articles.

4.      Defendant TGN is a Connecticut limited liability company with a principal place of business located at 908 S. Meriden Road, Cheshire, Connecticut 06410.  TGN is in the business of designing and manufacturing customized, laminated plaques containing reproductions of pages from copyrighted third-party newspaper or magazine articles and marketing, selling and distributing the plaques to people or companies that have been featured in the newspaper or magazine articles.  TGN competes with Plaintiff for the sale of plaques.

5.      Defendant Roscoe is a resident of Cheshire, Connecticut, is the managing member of TGN, and, upon information and belief, is the principal owner, and principal pecuniary beneficiary of TGN.  Defendant Roscoe directs and controls the infringing activities engaged in by TGN as set forth herein.

6.      Defendants have been sued not less than two times in the District of Maryland for acts similar to those herein complained of.  Upon information and belief, Defendants have been sued in other Districts for acts similar to those herein complained of, and they are well aware of

the infringing nature of their actions.

### III.    JURISDICTION AND VENUE

7.    This Court has subject matter jurisdiction over Today Media's claims pursuant to 28 U.S.C. §§ 1331 and 1338(a) and (b) in that this case arises under the copyright laws of the United States (17 U.S.C. §§ 101, *et seq.*) and the trademark laws of the United States (17 U.S.C. §§ 1051 *et seq.*). This Court may also exercise its supplemental jurisdiction over the state law claims asserted in this action pursuant to 28 U.S.C. § 1367(a).

8.    Personal jurisdiction in this judicial district over TGN and Roscoe is proper pursuant to Title 10, Section 3104(c)(3) and (c)(4) of the Delaware Code and the Due Process Clause of the Fifth Amendment and Fourteenth Amendment of the United States Constitution in that TGN and Roscoe regularly solicit and conduct business with Delaware residents and purposefully market and direct their infringing products to Delaware residents by way of conduct including, but not necessarily limited to, directly targeting Delaware residents by mail and e-mail and soliciting their business by previewing to them and offering for sale TGN's infringing products.

9.    Venue in this District is proper pursuant to 28 U.S.C. §§ 1391(b) and (c) in that TGN and Roscoe regularly solicit and conduct business with residents of this District and purposefully market and direct their infringing products to residents of this District by way of conduct including, but not necessarily limited to, directly targeting those residents by mail, facsimile and e-mail and soliciting their business by previewing to them and offering for sale TGN's infringing products.

### IV.    FACTUAL BACKGROUND

#### A.    Today Media's Business

10.    Today Media is the publisher of *Delaware Business Times*, a bi-weekly publication

3

that features local businesses, professionals and articles of interest related to the Delaware business community. Today Media is also the publisher of *Delaware Today*, a monthly publication that features articles covering dining, arts, entertainment, local happenings, health and more related to the Delaware community.

11.    Today Media is the author of, and is responsible for, the creation, development, and production of each issue of *Delaware Business Times* and *Delaware Today*, each of which have significant value and have been produced and created at considerable expense.

12.    Today Media offers for sale commemorative plaques featuring photographs and articles from its pages for purchase by businesses and individuals featured in its media.

13.    On October 26, 2018, Today Media published the *Delaware Business Times – HR Award Issue*, Volume 5, Number 22 (the "*HR Award Issue*"). On January 7, 2019, Today Media published the *Delaware Today –2019 Faces of Delaware*, Volume 58, Number 1 (the "*2019 Faces Issue*").

14.    Each issue of Today Media's *Delaware Business Times*, including the *HR Award Issue*, and *Delaware Today*, including the *2019 Faces Issue*, contains a notice advising, "This newspaper or its trademarks may not be reproduced in whole or in part . . .".

15.    On January 23, 2019, Today Media filed a federal copyright registration with the United States Register of Copyrights for the *Delaware Business Times – HR Award Issue*, published on October 26, 2018. On February 5, 2019, Today Media filed a federal copyright registration with the United States Register of Copyrights for the *Delaware Today – 2019 Faces Issue*, published on January 7, 2019.

16.    The United States Register of Copyrights issued a Certificate of Registration for the *Delaware Business Times – HR Award Issue*, effective January 23, 2019. A copy of the

4

Certificate of Registration is attached hereto as **Exhibit A**.

17. The United States Register of Copyrights issued a Certificate of Registration for the *Delaware Today – 2019 Faces Issue*, effective February 5, 2019. A copy of the Certificate of Registration is attached hereto as **Exhibit B**.

18. Today Media conducts its business and markets its services and publications, including *Delaware Business Times*, under the trademark DELAWARE BUSINESS TIMES, which mark has been in continuous use since 2014. Today Media also conducts its business and markets its services and publications, including *Delaware Today*, under the trademark DELAWARE TODAY, which mark has been in continuous use since at least 2000.

19. Today Media uses a distinctive, customized, non-functional, stylized typeface for DELAWARE BUSINESS TIMES, which it displays on every cover of its publications:

**BUSINESS TIMES**
DELAWARE

20. Today Media has used this stylized trade dress, or design, since 2014 and the trade dress, or design, has acquired secondary meaning having become recognizable as being the source of Today Media's publications.

21. Today Media also uses a distinctive, customized, non-functional, stylized typeface for DELAWARE TODAY, which it displays on every cover of its publications:

**DelawareToday**

22. Today Media has used this stylized trade dress, or design, since at least 2000 and the trade dress, or design, has acquired secondary meaning having become recognizable as being

5

the source of Today Media's publications.

### B. TGN's Business

23.     Defendant TGN promotes, assembles, manufactures and sells customized, laminated plaques to people and companies featured in newspaper and magazine articles published by third parties throughout the United States, such as Today Media. TGN does so either by using a tear sheet from the media article that it fabricates into a laminated plaque or by reproducing the newspaper or magazine article and fabricating the reproduction into a laminated plaque. Under both scenarios, the resulting product is a different product than the underlying newspaper or magazine. Defendant Roscoe subscribes to several magazines owned, authored, and published by Today Media and, upon information and belief, provides these magazines to TGN for its infringing uses, knowing the magazines will be used to create materials that infringes Today Media's copyrights.

24.     Defendants market TGN's products by emailing advertisements to individuals featured in a newspaper or magazine article, published in *Delaware Business Times* and/or *Delaware Today*, which advertisements invite individuals or businesses to visit Defendant's website to review the plaque offered to them for sale by TGN.

25.     The preview Defendants provide includes a digital image of a plaque that reproduces an article that was published in Today Media's publications that feature the person or business and prominently includes the newspaper's or magazine's trademark, in this case, DELAWARE BUSINESS TIMES or DELAWARE TODAY. These plaques contain reproductions of photographs and other content that appeared in the media, of which Plaintiff is the author, and which Defendants copy and distribute to the public for sale, without authorization.

26.     Defendants also market TGN's infringing products on its website,

www.ThatsGreatNews.com. The website includes numerous digital images of plaques containing digital reproductions of articles from various publications including regional publications such as *Delaware State News*, and Today Media's *Delaware Today* and *Delaware Business Times*, all without authorization.

### C. **TGN'S Infringing Conduct**

27. TGN has marketed its products to Delaware residents featured in *Delaware Business Times* and *Delaware Today* and, in doing so, has distributed and displayed on its website "Plaque Previews," which are images of plaques reproducing articles. These images include photographs from the *HR Award Issue* and the *2019 Faces Issue*. Each "Plaque Preview" prominently includes Today Media's trademarks, which include DELAWARE BUSINESS TIMES and DELAWARE TODAY, and its trade dress.

28. On November 8, 2018, Defendants TGN and Roscoe sent, via email, a solicitation addressed to Elizabeth Danforth, a Delaware resident, regarding her appearance in the *HR Award Issue*. TGN offered to sell a plaque to her that contained or reproduced Today Media's content and offered to send the plaque to her for a free 30-day period. Attached as **EXHIBIT C** is a copy of the email sent by Defendants and addressed to Elizabeth Danforth.

29. Upon information and belief, Defendants solicited all those who were featured in the *HR Award Issue*, by sending them, or making available to them, a reproduction of a plaque containing unauthorized reproductions of content from the *HR Award Issue*, including words and photographs.

30. A recipient of Defendant's solicitation is directed to Defendants' website which reproduces, publishes and distributes an image of the "Plaque Preview" described in Defendants' November 8, 2018 email. The "Plaque Preview" distributed by Defendants reproduces, publishes

and distributes a copy of Today Media's article featuring Ms. Danforth and prominently includes Today Media's trademark DELAWARE BUSINESS TIMES, its trade dress and photographs. A printout from Defendants' website of this "Plaque Preview" is attached hereto as **EXHIBIT D** and appears as follows:



31. The "Plaque Preview" shown in Exhibit D reproduces, distributes and is a derivative work of pages appearing in Today Media's October 30, 2018 issue of *Delaware Business Times* and uses the DELAWARE BUSINESS TIMES trademark and trade dress, all without Today Media's permission.

32. On January 10, 2019, Defendants TGN and Roscoe sent, via email, a solicitation addressed to Frank Montisano, a Delaware resident, regarding his appearance in the *2019 Faces Issue*. TGN offered to sell a plaque to him that contained or reproduced Today Media's content and offered to send the plaque to him for a free 30-day period. Attached as **EXHIBIT E** is a copy

8

of the email sent by Defendants and addressed to Frank Montisano, at his general office email account.

33.    Upon information and belief, Defendants solicited all those who were featured in the *2019 Faces Issue*, by sending them, or making available to them, a reproduction of a plaque containing unauthorized reproductions of content from the *2019 Faces Issue*, including words and photographs.

34.    A recipient of Defendant's solicitation is directed to Defendants' website which reproduces, publishes and distributes an image of the "Plaque Preview" described in Defendants' January 10, 2019 email. The "Plaque Preview" distributed by Defendants reproduces, publishes and distributes a copy of Today Media's article featuring Mr. Montisano and prominently includes Today Media's trademark DELAWARE TODAY, its trade dress and photographs. A printout from Defendants' website of this "Plaque Preview" is attached hereto as **EXHIBIT F** and appears as follows:



35.    The "Plaque Preview" shown in Exhibit E reproduces, distributes, and is a derivative work of pages appearing in Today Media's January 7, 2019 issue of *Delaware Today* and uses the DELAWARE TODAY trademark and trade dress, all without Today Media's permission.

36.    Defendants' website reveals that Defendants have created and marketed "Plaque Previews" not only of the articles featuring Ms. Danforth and Mr. Montisano, but also of three (3) other articles appearing in issues of Today Media's *Delaware Business Times*, including articles dated September 2017, April 2018, and December 2018. Printouts from Defendant's website of each of these three (3) "Plaque Previews" are attached hereto as **EXHIBITS G-I**.

37.    The three (3) "Plaque Previews" displayed in Exhibits G-I reproduce, distribute and create derivative works of pages appearing in Today Media's issues of *Delaware Business Times* and use Today Media's DELAWARE BUSINESS TIMES trademark and trade dress all without

Today Media's permission.

38.     TGN's infringing activities are directed and controlled by Roscoe who, on information and belief, benefits pecuniarily from these infringing activities as a principal owner of TGN.

## COUNT I
## COPYRIGHT INFRINGEMENT
### (Against Defendant TGN- *HR Award Issue*)

39.     Today Media repeats and realleges each of the allegations contained in paragraphs 1 through 38 as if fully set forth herein.

40.     TGN violated Today Media's copyrights when it reproduced, distributed and created derivative works without authorization of articles, and photographs that were published by Today Media in the *HR Award Issue*.

41.     TGN's acts constitute infringement of Today Media's copyrights protected under 17 U.S.C. § 106 of the Copyright Act of 1976.

42.     TGN's acts of infringement are intentional and willful as evidenced by several previous lawsuits filed against TGN for the same type of conduct, including copyright and trademark infringement alleged by Today Media in this Complaint.

43.     As a result of TGN's infringement of Today Media's copyrights, Today Media is entitled to a monetary award pursuant to 17 U.S.C. § 504(a) and to its attorneys' fees and costs pursuant to 17 U.S.C. § 505.

44.     The conduct of TGN causes and, unless enjoined and restrained by this Court, will continue to cause Today Media great and irreparable harm that cannot fully be compensated or measured in money.

45.     Pursuant to 17 U.S.C. §§ 502 and 503, Today Media is entitled to injunctive relief

prohibiting TGN from further infringing Today Media's copyrights and ordering that TGN destroy all copies of Today Media's publications made in violation of Today Media's copyrights as it has no adequate remedy at law, and will suffer irreparable harm, and the balance of hardships favor Today Media and the public interest would thereby be served.

**COUNT II**
**COPYRIGHT INFRINGEMENT**
**(Against Defendant TGN- *2019 Faces Issue*)**

46.     Today Media repeats and realleges each of the allegations contained in paragraphs 1 through 38 as if fully set forth herein.

47.     TGN violated Today Media's copyrights when it reproduced, distributed and created derivative works without authorization of articles, and photographs that were published by Today Media in the *2019 Faces Issue*.

48.     TGN's acts constitute infringement of Today Media's copyrights protected under 17 U.S.C. § 106 of the Copyright Act of 1976.

49.     TGN's acts of infringement are intentional and willful as evidenced by several previous lawsuits filed against TGN for the same type of conduct, including copyright and trademark infringement alleged by Today Media in this Complaint.

50.     As a result of TGN's infringement of Today Media's copyrights, Today Media is entitled to a monetary award pursuant to 17 U.S.C. § 504(a) and to its attorneys' fees and costs pursuant to 17 U.S.C. § 505.

51.     The conduct of TGN causes and, unless enjoined and restrained by this Court, will continue to cause Today Media great and irreparable harm that cannot fully be compensated or measured in money.

52.     Pursuant to 17 U.S.C. §§ 502 and 503, Today Media is entitled to injunctive relief

prohibiting TGN from further infringing Today Media's copyrights and ordering that TGN destroy all copies of Today Media's publications made in violation of Today Media's copyrights as it has no adequate remedy at law, and will suffer irreparable harm, and the balance of hardships favor Today Media and the public interest would thereby be served.

## COUNT III
## TRADEMARK AND TRADE DRESS INFRINGEMENT
### (Against Defendant TGN- *HR Award Issue*)

53. Today Media repeats and realleges each of the allegations contained in paragraphs 1 through 38 as if fully set forth herein.

54. The aforesaid acts of Defendant constitute infringement of Today Media's trademarks, DELAWARE BUSINESS TIMES, and trade dress in violation of 15 U.S.C. § 1125(a).

55. Upon information and belief, and as evidenced by the previous lawsuits filed against TGN for the exact type of conduct in which is currently engaged, with respect to Today Media, the aforesaid acts were undertaken willfully and with the intention of causing confusion, mistake or deception. Defendant's actions, knowing it had been sued for the same actions, make this case exceptional, within the meaning of 15 U.S.C. § 1117(a).

56. Defendant's infringing acts, if allowed to continue, will cause serious harm to Today Media's business, goodwill and profit, as they are likely to cause confusion among its readers and others, including those people who view Defendant's plaques purchased from Defendant in the offices or homes of the buyers thereof and who do not know that the plaques were not sold or produced by Today Media.

57. The aforesaid acts of Defendant have caused and are likely to continue to cause confusion, mistake or deception among purchasers, and would–be purchasers of plaques produced and sold by Defendant, and by those persons who are not buyers but who view the plaques, all of

13

whom will likely be confused into believing that Defendant's products originate from, or are in some way affiliated with, endorsed or sponsored by, Today Media, or that Today Media is the source thereof.

58.    The aforesaid acts of Defendant constitute use in commerce of a reproduction and copy of the DELAWARE BUSINESS TIMES mark and of Today Media's trade dress and Defendant's uses are false designations of origin and false descriptions and representations as to the source, association, affiliation, sponsorship, and connection with or by Today Media.

59.    By reason of the acts of Defendant alleged herein, Today Media has suffered and will continue to suffer irreparable harm in the nature of loss of goodwill and reputation. As well, Today Media's customers will also suffer irreparable harm due to their confusion. Unless Defendant is restrained from continuing these wrongful acts, the damage to Today Media and its customers will increase.

60.    Today Media has no adequate remedy at law, the balance of hardships favors Today Media and preventing use by Defendant of the DELAWARE BUSINESS TIMES marks and of Today Media's trade dress is in the public interest.

## COUNT IV
## TRADEMARK AND TRADE DRESS INFRINGEMENT
### (Against Defendant TGN- *2019 Faces Issue*)

61.    Today Media repeats and realleges each of the allegations contained in paragraphs 1 through 38 as if fully set forth herein.

62.    The aforesaid acts of Defendant constitute infringement of Today Media's trademarks, DELAWARE TODAY, and trade dress in violation of 15 U.S.C. § 1125(a).

63.    Upon information and belief, and as evidenced by the previous lawsuits filed against TGN for the exact type of conduct in which is currently engaged with respect to Today

14

Media, the aforesaid acts were undertaken willfully and with the intention of causing confusion, mistake or deception. Defendant's actions, knowing it had been sued for the same actions, make this case exceptional, within the meaning of 15 U.S.C. § 1117(a).

64.     Defendant's infringing acts, if allowed to continue, will cause serious harm to Today Media's business, goodwill and profit, as they are likely to cause confusion among its readers and others, including those people who view Defendant's plaques purchased from Defendant in the offices or homes of the buyers thereof and who do not know that the plaques were not sold or produced by Today Media.

65.     The aforesaid acts of Defendant have caused and are likely to continue to cause confusion, mistake or deception among purchasers and would–be purchasers of plaques produced and sold by Defendant, and by those persons who are not buyers but who view the plaques, who will likely be confused into believing that Defendant's products originate from, or are in some way affiliated with, endorsed or sponsored by, Today Media.

66.     The aforesaid acts of Defendant constitute use in commerce of a reproduction and copy of the DELAWARE TODAY mark and of Today Media's trade dress and Defendant's uses are false designations of origin and false descriptions and representations as to the source, association, affiliation, sponsorship, and connection with or by Today Media.

67.     By reason of the acts of Defendant alleged herein, Today Media has suffered and will continue to suffer irreparable harm in the nature of loss of goodwill and reputation. As well, Today Media's customers will also suffer irreparable harm due to their confusion. Unless Defendant is restrained from continuing these wrongful acts, the damage to Today Media and its customers will increase.

68.     Today Media has no adequate remedy at law, the balance of hardships favors Today

15

Media and preventing use by Defendant of the DELAWARE TODAY mark and of Today Media's trade dress is in the public interest.

## COUNT V
## COMMON LAW UNFAIR COMPETITION
(Against Defendant TGN)

69.    Today Media repeats and realleges each of the allegations contained in paragraphs 1 through 38 as if fully set forth herein.

70.    The aforesaid acts of Defendant constitute deceptive trade practices in violation of Delaware common law.

71.    Upon information and belief, Defendant's imitation and infringement of Today Media's trademarks and trade dress are intentional, as are the palming off of Today Media's goods by Defendant, and Defendant's acts are calculated and intended to deceive Today Media's customers, and others, and has misled, and will mislead customers and potential customers and result in a loss to Today Media of business, profits, and goodwill.

## COUNT VI
## DELAWARE STATUTORY UNFAIR COMPETITION
(Against Defendant TGN)

72.    Today Media repeats and realleges each of the allegations contained in paragraphs 1 through 38 as if fully set forth herein.

73.    The aforesaid acts of Defendant constitute deceptive trade practices in violation of Title 6, Section 2532(a)(2), (3), (4), and (12) of the Delaware Code.

74.    Upon information and belief, Defendant's imitation and infringement of Today Media's trademarks and trade dress are intentional, as are the palming off of Today Media's goods by Defendant, and Defendant's acts are calculated and intended to deceive Today Media's customers, and others, and has misled, and will mislead customers and potential customers and

16

result in a loss to Today Media of business, profits, and goodwill.

75.     Upon information and belief, Defendant's imitation and infringement of Today Media's trademarks and trade dress are intentional, and such imitation and infringement, including its direct solicitation efforts, cause a likelihood of confusion or of misunderstanding as to the source of the product or affiliation with Today Media.

### COUNT VII
### VICARIOUS COPYRIGHT, TRADEMARK AND TRADE DRESS INFRINGEMENT
### (Against Defendant Roscoe)

76.     Today Media repeats and realleges each of the allegations contained in paragraphs 1 through 38 as if fully set forth herein.

77.     At all relevant times Roscoe was the managing member and owner of TGN and as such he controlled and directed the infringing activities of TGN and benefitted financially from those infringing activities.  Roscoe, as managing member was well aware of prior acts of infringement by Defendants and suits brought as a result and directly caused these complained-of actions to occur for his financial benefit.

### COUNT VIII
### CONTRIBUTORY COPYRIGHT, TRADEMARK AND TRADE DRESS INFRINGEMENT
### (Against Defendant Roscoe)

78.     Today Media repeats and realleges each of the allegations contained in paragraphs 1 through 38 as if fully set forth herein.

79.     At all relevant times Roscoe was the managing member and owner of TGN and as such he controlled and directed the infringing activities of TGN and benefitted financially from those infringing activities. Roscoe subscribed to several magazines owned, authored, and published by Today Media, including *Delaware Business Times* and *Delaware Today*. Upon

17

information and belief, Roscoe knowingly provided Today Media's publications he received through these subscriptions to TGN knowing TGN would use them for its infringing purposes. Roscoe, as managing member of TGN, was well aware of prior acts of infringement by Defendants and suits brought as a result and directly caused these complained-of actions to occur for his financial benefit.

## PRAYER FOR RELIEF

**WHEREFORE**, Today Media requests judgment and relief against Defendants, jointly and severally, as follows:

**A.**    **Copyright**

1.    That this Court, pursuant to the powers granted it under 17 U.S.C. § 502, grant permanent injunctive relief enjoining and restraining TGN, Roscoe and their officers, agents, servants, employees and related companies, and all persons acting for them, from directly or indirectly infringing Today Media's copyrights in its *Delaware Business Times* and *Delaware Today* publication and any of its other publications, whether now in existence or later created, by prohibiting Defendants and their officers, agents, servants, employees and related companies, and all persons acting for them, from reproducing, copying or creating derivative works from any work owned by Today Media;

2.    That this Court, pursuant to the powers granted it under 17 U.S.C. § 503, order that all copies of Today Media's publications that TGN has reproduced or transferred onto any physical medium without Today Media's authorization that are in TGN's possession, custody or control be delivered to Today Media and/or destroyed, at Today Media's option;

3.    That TGN file with the Court and serve upon Today Media's counsel within thirty (30) days after the entry of judgment, a report in writing under oath setting forth in detail the

manner and form in which TGN has complied with the requirements of the injunction and order;

4.      That this Court, pursuant to the powers granted it under 17 U.S.C. § 504, award to Today Media, against TGN and Roscoe, TGN's profits and Today Media's actual damages, or at the election of Today Media, statutory damages with a finding of willful infringement, at the election of Today Media, but in no event for an amount less than $150,000 for each count of copyright infringement complained of herein;

**B.      <u>Trademark, Trade Dress and Unfair Competition</u>**

5.      That this Court, pursuant to the powers granted it under 15 U.S.C. § 1116, grant permanent injunctive relief enjoining and restraining Defendants, and their officers, agents, servants, employees and related companies, and all persons acting for them, from directly or indirectly using the DELAWARE BUSINESS TIMES and DELAWARE TODAY magazine trademarks and Today Media's trade dress, including any variations thereof, or any other trademark, trade dress, logo or design similar to Today Media's DELAWARE BUSINESS TIMES and DELAWARE TODAY magazine trademarks and Today Media's trade dress that is likely to cause confusion, mistake or deception with the DELAWARE BUSINESS TIMES and/or DELAWARE TODAY magazine trademarks and Today Media's trade dress;

6.      That this Court, pursuant to the power granted it under 15 U.S.C. § 1118, order that all goods, labels, signs, prints, plaques, packages, advertisements and any other materials, in the actual or constructive possession of Defendants and/or any of their agents, officers, servants and employees, bearing the trademark DELAWARE BUSINESS TIMES and/or DELAWARE TODAY magazine and/or Today Media's trade dress, and all plates, molds, matrices and other means of making the same, be delivered to Today Media and/or destroyed, at Today Media's option;

7.     That Defendants file with the Court and serve on Today Media's counsel within thirty (30) days after the entry of judgment, a report in writing under oath setting forth in detail the manner and form in which they have complied with the requirements of the injunction and order;

8.     That this Court, pursuant to the powers granted it under 15 U.S.C. § 1117(a), award to Today Media and against Defendants, the profits earned by Defendants, a multiple as permitted of Today Media's damages, and the costs of this action and attorneys' fees and punitive damages for its violations of common law unfair competition;

## C.     Accounting and Attorneys' Fees

9.     That the Court order an accounting of all profits that Defendants derived from its trademark infringement, trade dress infringement, and copyright infringement;

10.     That the Court, pursuant to the powers granted it under 17 U.S.C. § 505, award Today Media attorneys' fees and costs;

11.     That the Court declare that Defendants' actions are exceptional and award to Today Media its attorney's fees pursuant to 15 U.S.C. §1117(a); and

12.     That the Court award all other such and further relief as the Court deems just and proper.

Respectfully submitted,

April 17, 2019

/s/ Richard L. Abbott
Richard L. Abbott, Esquire (ID # 2712)
Abbott Law Firm
724 Yorklyn Road, Suite 240
Hockessin, Delaware 19707
Telephone:  302.489.2529
Facsimile:  302.489.2535
rich@richabbottlawfirm.com
*Attorney for Plaintiff*

20

/s/ *James B. Astrachan*
James B. Astrachan, Esquire
Astrachan Gunst Thomas, P.C.
217 East Redwood Street, Suite 2100
Baltimore, Maryland 21202
Telephone:  410.783.3550
Facsimile: 410.783.3530
jastrachan@agtlawyers.com
*Admitted Pro Hac Vice*