IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| MARTINELLI HOLDINGS LLC<br>d/b/a TODAY MEDIA,<br><br>  Plaintiff,<br><br>  v.<br><br>THAT'S GREAT NEWS, LLC<br>and ROBERT R. ROSCOE,<br><br>  Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | C.A. No. 19-cv-00467-MN |

## STIPULATED DISCOVERY CONFIDENTIALITY ORDER

It appearing that discovery in the above-captioned action is likely to involve the disclosure of confidential information, it is ORDERED as follows:

1. Any party to this litigation and any third party may designate as "Confidential" and subject to this Order any information, document, thing, or portion of any document or thing ("Material"): (a) that contains trade secrets, competitively sensitive technical, marketing, financial, sales, or other confidential business information; (b) that contains private or confidential personal information; (c) that contains information received in confidence from third parties; or (d) which the producing party otherwise believes in good faith to be entitled to protection under Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure. Any party to this litigation or third party covered by this Order who produces or discloses any Confidential Material (including without limitation any information, document, thing, interrogatory answer, admission, pleading, or testimony) shall mark that Material with the following or similar legend: "CONFIDENTIAL" or "CONFIDENTIAL - SUBJECT TO DISCOVERY CONFIDENTIALITY ORDER."

2. Any party to this litigation and any third party may designate as "Attorneys' Eyes Only" and subject to this Order any Material that contains highly sensitive business or personal information, the disclosure of which is highly likely to cause significant harm to an individual or to the business or competitive position of the designating party. Any party to this litigation or third party covered by this Order who produces or discloses any Attorneys' Eyes Only Material (including without limitation any information, document, thing, interrogatory answer, admission, pleading, or testimony) shall mark that Material with the following or similar legend: "ATTORNEYS' EYES ONLY" or "ATTORNEYS' EYES ONLY - SUBJECT TO DISCOVERY CONFIDENTIALITY ORDER."

3. Confidential Material subject to this Order may be used for purposes of this litigation only, and shall not be disclosed by the receiving party to anyone other than those listed in Paragraph 4 except by prior written agreement of the parties or by order of the court. Counsel for a party may give opinions and advice relating solely to this litigation to his or her client based on

counsel's evaluation of Confidential Material, but counsel may not thereby reveal the content of Confidential Material except by prior written agreement of the parties or by order of the court.

4.    Confidential Material and the contents thereof may only be disclosed to the following individuals under the following conditions

a.    Outside counsel (defined herein as any attorney at the parties' outside law firms) and relevant in-house counsel for the parties;

b.    Outside experts or consultants retained by outside counsel for purposes of this litigation, provided they have signed a non-disclosure agreement in the form attached hereto as Exhibit A;

c.    The parties' insurers' claim professionals, provided they have signed a non-disclosure agreement in the form attached hereto as Exhibit A;

d.    Secretarial, paralegal, clerical, duplicating, and data processing personnel of the foregoing;

e.    The court and court personnel;

f.    Any deponent may be shown or examined on any Confidential Material if it appears that the witness authored or received a copy of it, was involved in the subject matter described therein, is employed by the party who produced the Confidential Material, or if the producing party consents to such disclosure;

g.    Vendors retained by or for the parties to assist in preparing for pretrial discovery, trial and/or hearings including but not limited to court reporters, litigation support personnel, jury consultants, individuals to prepare demonstrative and audiovisual aids for use in the courtroom, in depositions, or in mock jury sessions, as well as their staff, stenographic, and clerical employees whose duties and responsibilities require access to such Material; and

h.    The parties. In the case of parties that are corporations or other business entities, "party" means executives who are required to participate in decisions with reference to this litigation.

5.    Confidential Material, copies thereof, and information contained therein may only be used by individuals listed in Paragraph 4, and shall not be disclosed in any manner to any other individual unless and until (a) outside counsel for the party asserting confidentiality waives the claim of confidentiality, or (b) the court orders such disclosure.

6.    Where a deposition involves the disclosure of a party's Confidential Material, that party may, within thirty (30) days following receipt of the deposition transcript, inform all other parties that portions of the transcript are to be designated Confidential. This 30 day period may be extended by agreement of the parties. During this period, the deposition transcript shall not be disclosed to anyone other than the deponent and individuals listed in Sections 4(a), (b), (c), (d) and (f) above, and no individual attending the deposition shall disclose the contents thereof to anyone other than individuals listed in Sections 4(a), (b), (c), (d) and (f) above. Upon being informed that portions of a deposition are to be designated Confidential, all parties shall immediately and appropriately mark each copy of the

2

transcript in its custody or control, and shall limit disclosure of that transcript in accordance with Paragraphs 3 and 4.

7.    Material produced and marked as Attorneys' Eyes Only may be disclosed only to outside counsel for the receiving party and to such other persons as ordered by the court or as agreed to in advance by counsel for the producing party.

8.    If counsel for a party receiving Material designated as Confidential or Attorneys' Eyes Only objects to that designation in whole or in part:

a)    Counsel for the objecting party shall serve on the designating party or third party a written objection describing with particularity the Material in question and stating the grounds for objection. Counsel for the designating party or third party shall respond to the objection in writing within 14 days, and shall state with particularity the grounds for asserting that the Material is properly designated. If no timely written response is made to the objection, the challenged designation is deemed void. If a timely written response is made to the objection, counsel shall confer in good faith in an effort to resolve the dispute.

b)    If a dispute as to a Confidential or Attorneys' Eyes Only designation cannot be resolved by agreement, the proponent of the challenged designation shall present the dispute to the court consistent with the court's Discovery Dispute order and with Paragraph 3(e) of the court's Scheduling Order.

9.    Any party wishing to disclose Confidential or Attorneys' Eyes Only Material during trial or at any hearing in this litigation may do so only as directed by the court after giving notice to the producing party.

10.    To the extent consistent with applicable law, the inadvertent or unintentional disclosure of Confidential Material that should have been designated as such shall not be deemed to waive a party's claim of confidentiality, in whole or in part, either as to the specific Material disclosed or to other Material concerning the same or related subject matter. Inadvertent or unintentional disclosures may be rectified by written notification given within a reasonable time after disclosure to counsel for all parties receiving the Material that the Material should have been designated Confidential. Such notice shall constitute a designation of the Material as Confidential under this Order.

11.    When the inadvertent or mistaken disclosure of Material protected by privilege or work-product immunity is discovered by the producing party and brought to the attention of the receiving party, the receiving party shall treat such Material in accordance with Federal Rule of Civil Procedure 26(b)(5)(B). Such inadvertent or mistaken disclosure shall not by itself constitute a waiver by the producing party of any claims of privilege or work-product immunity. However, nothing herein restricts the right of the receiving party to challenge the producing party's claim of privilege if appropriate within a reasonable time after receiving notice of the inadvertent or mistaken disclosure.

12. The following information shall not be deemed or considered Confidential Material under this Order: (a) information in the public domain; (b) information already known by the receiving party through proper means; and (c) information that is or becomes available to a party from a source (i) other than the party asserting confidentiality and (ii) rightfully in possession of such information on a non-confidential basis.

13. This Order does not deprive any party of its right to object to discovery by any other party or on any otherwise permitted ground. This Order is entered without prejudice to the right of any party to move the court for modification of or relief from any of its terms.

14. This Order survives the termination of this litigation and remains in full force and effect unless modified by order of the court or by written stipulation of the parties filed with the court.

15. Other Proceedings. By entering this Order and limiting the disclosure of information in this litigation, this court does not intend to preclude another court from finding that information relevant and subject to disclosure in another case. Any person or party subject to this Order who in another proceeding becomes subject to a motion to disclose another party's information designated Confidential or Attorneys Eyes Only pursuant to this Order shall promptly notify that party of the motion so that party may have an opportunity to appear and be heard on whether that information should be disclosed.

16. Upon final conclusion of this litigation, each party or other individual subject to this Order shall assemble and return all original and unmarked copies of Confidential Material to the originating source, and shall, at the request of the originating source, destroy all copies of Confidential Material that contain and/or constitute attorney work product as well as excerpts, summaries, and digests revealing Confidential Material; provided, however, that counsel may retain complete copies of all transcripts and pleadings, including any exhibits attached thereto, for archival purposes subject to the provisions of this Order. To the extent a party requests the return of Confidential Material from the court following final conclusion of this litigation, including the exhaustion of all appeals therefrom and all related proceedings, the party shall file a motion seeking such relief.

*****REMAINDER OF PAGE INTENTIONALLY LEFT BLANK*****

*****SIGNATURES ON NEXT PAGE*****

4

/s/ *Richard L. Abbott*
Richard L. Abbott, Esquire (#2712)
Abbott Law Firm
724 Yorklyn Road, Suite 240
Hockessin, DE 19707
(302) 489-2529

James B. Astrachan, Esquire
H. Mark Stichel, Esquire
Astrachan Gunst Thomas PC
217 East Redwood Street, 21st Floor
Baltimore, MD 21201
(410) 783-3520
Admitted *Pro Hac Vice*

Attorneys for Plaintiff

Dated: January 31, 2020

/s/ *Michael C. Heyden, Jr.*
Michael C. Heyden, Jr., Esquire (#5616)
Gordon Rees Scully Mansukhani
1202 North King Street, Suite B
Wilmington, DE 19801
(302) 992-8954

You-Fong Chang Amato, Esquire
Gordon Rees Scully Mansukhani
1717 Arch Street, Suite 610
Philadelphia, PA 19103
(215) 561-2300
Admitted *Pro Hac Vice*

Attorneys for Plaintiff

Dated: January 31, 2020

SO ORDERED this 31st day of ___January___, 2020.

_____
The Honorable Maryellen Norieka
United States District Judge

5

**EXHIBIT A**

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| MARTINELLI HOLDINGS LLC<br>d/b/a TODAY MEDIA,<br><br>   Plaintiff,<br><br>v.<br><br>THAT'S GREAT NEWS, LLC<br>and ROBERT R. ROSCOE,<br><br>   Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | C.A. No. 19-cv-00467-MN |

## AGREEMENT TO BE BOUND BY DISCOVERY CONFIDENTIALITY ORDER

I, _____, being duly sworn, state that:

1.  My address is _____.

2.  My present employer is _____ and the address of my present employment is _____.

3.  My present occupation or job description is _____.

4.  I have carefully read and understand the provisions of the Discovery Confidentiality Order in this case, and I will comply with all its provisions.

5.  I will hold in confidence and not disclose to anyone not qualified under the Discovery Confidentiality Order any Confidential Material or any words, summaries, abstracts, or indices of Confidential information disclosed to me.

6.  I will limit use of Confidential Material disclosed to me solely for purpose of this litigation.

7.  No later than the final conclusion of the case, I will return all Confidential Material and summaries, abstracts, and indices thereof which come into my possession, and documents or things which I have prepared relating thereto, to counsel for the party for whom I was employed or retained.

2

I declare under penalty of perjury that the foregoing is true and correct.

Dated: _____, 20___    _____
                                   [Name]