**UNITED STATES DISTRICT COURT**
**DISTRICT OF DELAWARE**

MARTINELLI HOLDINGS LLC d/b/a TODAY
MEDIA,

                Plaintiff,

      v.

THAT'S GREAT NEWS, LLC and ROBERT R.
ROSCOE.

                Defendants.

Case No. 1:19-cv-00467-MN

**JURY TRIAL DEMANDED**

### DEFENDANTS THAT'S GREAT NEWS, LLC AND ROBERT R. ROSCOE'S ANSWER AND AFFIRMATIVE DEFENSES TO AMENDED COMPLAINT FOR COPYRIGHT, TRADEMARK AND TRADE DRESS INFRINGEMENT, AND UNFAIR COMPETITION

Defendants THAT'S GREAT NEWS, LLC ("TGN") and ROBERT R. ROSCOE ("Roscoe")(collectively, "Defendants"), by and through the undersigned counsel, hereby submit this Joint Answer to Plaintiff MARTINELLI HOLDINGS LLC's d/b/a TODAY MEDIA's ("Today Media" or "Plaintiff") First Amended Complaint ("FAC"):

1. Defendants admit that they have been parties to lawsuits asserting copyright and trademark claims. Defendants deny the remaining allegations of Paragraph 1 of the FAC.

2. As to the allegations of Paragraph 2 of the FAC, Defendants admit that TGN is in the business of selling plaques memorializing the media appearances of individuals but deny that TGN engages in any copyright or trademark infringement whatsoever. Defendants deny the remaining allegations of Paragraph 2 of the FAC.

3. As to the allegations of Paragraph 3 of the FAC, Defendants lack sufficient knowledge or information to form a belief as to the truth of the matters alleged therein and therefore deny the same.

4. As to the allegations of Paragraph 4 of the FAC, Defendants admit that TGN is a Connecticut limited liability company with a principal place of business located at 908 S. Meriden Road, Cheshire, Connecticut 06410. Defendants admit that TGN's business includes

1

the designing and manufacturing of customized, laminated plaques that may contain excerpts from copyrighted third-party newspaper or magazine articles.  Defendants admit that TGN markets, sells, and distributes the plaques to people or companies that have been featured in newspapers or magazine articles.  As to all other allegations of said paragraph, Defendants lack sufficient knowledge or information to form a belief as to the truth of the matters alleged therein and therefore deny the same.

5.      As to the allegations of Paragraph 5 of the FAC, Defendant Roscoe admits that he is a resident of Cheshire, Connecticut, is the managing member and principal owner of TGN. Defendants deny the remaining allegations of Paragraph 5 of the FAC.

6.      As to the allegations of Paragraph 6 of the FAC, Defendants admit that they have been sued in the District of Maryland and other Districts.  Defendants deny there is any infringing nature to their actions.  Defendants deny the remaining allegations of Paragraph 6 of the FAC.

7.      Defendants admit the allegations of Paragraph 7 of the FAC.

8.      As to the allegations of Paragraph 8 of the FAC, Defendants admit that this Court has personal jurisdiction over TGN and Roscoe, and that TGN regularly solicits and conducts business with Delaware residents, but deny that any of Defendants' products or actions are infringing.  Defendants deny the remaining allegations of Paragraph 8 of the FAC.

9.      As to the allegations of Paragraph 9 of the FAC, Defendants admit that venue is proper in this District, but deny that any of Defendants' products or actions are infringing. Defendants deny the remaining allegations of Paragraph 9 of the FAC.

10.     As to the allegations of Paragraph 10 of the FAC, Defendants lack sufficient knowledge or information to form a belief as to the truth of the matters alleged therein and therefore deny the same.

11.     As to the allegations of Paragraph 11 of the FAC, Defendants lack sufficient knowledge or information to form a belief as to the truth of the matters alleged therein and therefore deny the same.

12.     As to the allegations of Paragraph 12 of the FAC, Defendants lack sufficient knowledge or information to form a belief as to the truth of the matters alleged therein and therefore deny the same.

13.     As to the allegations of Paragraph 13 of the FAC, Defendants lack sufficient knowledge or information to form a belief as to the truth of the matters alleged therein and therefore deny the same.

14.     As to the allegations of Paragraph 14 of the FAC, Defendants lack sufficient knowledge or information to form a belief as to the truth of the matters alleged therein and therefore deny the same.

15.     As to the allegations of Paragraph 15 of the FAC, Defendants lack sufficient knowledge or information to form a belief as to the truth of the matters alleged therein and therefore deny the same.

16.     As to the allegations of Paragraph 16 of the FAC, Defendants lack sufficient knowledge or information to form a belief as to the truth of the matters alleged therein and therefore deny the same.

17.     As to the allegations of Paragraph 17 of the FAC, Defendants lack sufficient knowledge or information to form a belief as to the truth of the matters alleged therein and therefore deny the same.

18.     As to the allegations of Paragraph 18 of the FAC, Defendants lack sufficient knowledge or information to form a belief as to the truth of the matters alleged therein and therefore deny the same.

19.     As to the allegations of Paragraph 19 of the FAC, Defendants lack sufficient knowledge or information to form a belief as to the truth of the matters alleged therein and therefore deny the same.

20.     As to the allegations of Paragraph 20 of the FAC, Defendants lack sufficient knowledge or information to form a belief as to the truth of the matters alleged therein and therefore deny the same.

21.     As to the allegations of Paragraph 21 of the FAC, Defendants lack sufficient knowledge or information to form a belief as to the truth of the matters alleged therein and therefore deny the same.

22.     As to the allegations of Paragraph 22 of the FAC, Defendants lack sufficient knowledge or information to form a belief as to the truth of the matters alleged therein and therefore deny the same.

23.     As to the allegations of Paragraph 23 of the FAC, Defendants admit that TGN promotes, assembles, manufactures, and sells customized, laminated plaques to people and companies featured in newspaper and magazine articles publish by third parties throughout the United States, to include Today Media.  TGN admits that it may produce plaques by using a portion of the media articles, and that it creates a new product.  Defendants deny the remaining allegations of Paragraph 23 of the FAC.

24.     As to the allegations of Paragraph 24 of the FAC, Defendants admit that TGN may market TGN products by emailing advertisements to individuals featured in a newspaper or magazine article, and such advertisements may invite an individual or business to visit TGN's website to purchase a plaque.  Defendants deny that such advertisements are sent solely to individuals or businesses featured in the Delaware Business Times and/or Delaware Today. Defendants deny the remaining allegations of Paragraph 24 of the FAC.

25.     As to the allegations of Paragraph 25 of the FAC, Defendants admit that TGN offers a digital preview of the commemorative plaque.  Defendants deny the remaining allegations of Paragraph 25 of the FAC.

26.     As to the allegations of Paragraph 26 of the FAC, Defendants admit that TGN markets its products at www.ThatsGreatNews.com and that the website includes digital images of plaques.  Defendants deny that any of these actions are unlawful or infringing.  Defendants deny the remaining allegations of Paragraph 26 of the FAC.

27.     As to the allegations of Paragraph 27 of the FAC, Defendants admit that TGN marketed its products to Delaware residents.  Defendants deny the remaining allegations of Paragraph 27 of the FAC.

28.      As to the allegations of Paragraph 28 of the FAC, Defendants admit that TGN sent a November 8, 2018 email to Elizabeth Danforth and that Exhibit C to the FAC is a copy of the email.  Defendants deny the remaining allegations of said paragraph.

29.      Defendants deny the allegations of Paragraph 29 of the FAC.

30.      As to the allegations of Paragraph 30 of the FAC, Defendants deny that recipients of an email from TGN are directed to Defendants' website for a plaque preview described in the November 8, 2018 email to Elizabeth Danforth.  Defendants admit that TGN sent Elizabeth Danforth a link to a plaque preview specifically tailored for her.  Defendants admit that Exhibit D to the FAC is a printout of a plaque preview made available to Elizabeth Danforth. Defendants deny the remaining allegations of Paragraph 30 of the FAC.

31.      Defendants deny the allegations of Paragraph 31 of the FAC.

32.      As to the allegations of Paragraph 32 of the FAC, Defendants admit that TGN sent a January 10, 2019 email to Frank Montisano and that Exhibit E to the FAC is a copy of the email.  Defendants deny the remaining allegations of said paragraph.

33.      Defendants deny the allegations of Paragraph 33 of the FAC.

34.      As to the allegations of Paragraph 34 of the FAC, Defendants deny that recipients of an email from TGN are directed to Defendants' website for a plaque preview described in the January 10, 2019 email to Frank Montisano.  Defendants admit that TGN sent Frank Montisano a link to a plaque preview specifically tailored for him.  Defendants admit that Exhibit F to the FAC is a printout of a plaque preview made available to Frank Montisano.  Defendants deny the remaining allegations of Paragraph 34 of the FAC.

35.      Defendants deny the allegations of Paragraph 35 of the FAC.

36.      As to the allegations of Paragraph 36 of the FAC, Defendants admit Exhibits G-I are printouts of plaque previews found on TGN's website.  Defendants deny the remaining allegations of Paragraph 36 of the FAC.

37.      Defendants deny the allegations of Paragraph 37 of the FAC.

38.      Defendants deny the allegations of Paragraph 38 of the FAC.

39.     As to the allegations of Paragraph 39 of the FAC, Defendants incorporate and refer to by reference Paragraphs 1 through 38 above as though set forth fully herein.

40.     Defendants deny the allegations of Paragraph 40 of the FAC.

41.     Defendants deny the allegations of Paragraph 41 of the FAC.

42.     Defendants deny the allegations of Paragraph 42 of the FAC.

43.     Defendants deny the allegations of Paragraph 43 of the FAC.

44.     Defendants deny the allegations of Paragraph 44 of the FAC.

45.     Defendants deny the allegations of Paragraph 45 of the FAC.

46.     As to the allegations of Paragraph 46 of the FAC, Defendants incorporate and refer to by reference Paragraphs 1 through 45 above as though set forth fully herein.

47.     Defendants deny the allegations of Paragraph 47 of the FAC.

48.     Defendants deny the allegations of Paragraph 48 of the FAC.

49.     Defendants deny the allegations of Paragraph 49 of the FAC.

50.     Defendants deny the allegations of Paragraph 50 of the FAC.

51.     Defendants deny the allegations of Paragraph 51 of the FAC.

52.     Defendants deny the allegations of Paragraph 52 of the FAC.

53.     As to the allegations of Paragraph 46 of the FAC, Defendants incorporate and refer to by reference Paragraphs 1 through 52 above as though set forth fully herein.

54.     Defendants deny the allegations of Paragraph 54 of the FAC.

55.     Defendants deny the allegations of Paragraph 55 of the FAC.

56.     Defendants deny the allegations of Paragraph 56 of the FAC.

57.     Defendants deny the allegations of Paragraph 57 of the FAC.

58.     Defendants deny the allegations of Paragraph 58 of the FAC.

59.     Defendants deny the allegations of Paragraph 59 of the FAC.

60.     Defendants deny the allegations of Paragraph 60 of the FAC.

61.     As to the allegations of Paragraph 61 of the FAC, Defendants incorporate and refer to by reference Paragraphs 1 through 60 above as though set forth fully herein.

62.     Defendants deny the allegations of Paragraph 62 of the FAC.

63.     Defendants deny the allegations of Paragraph 63 of the FAC.

64.     Defendants deny the allegations of Paragraph 64 of the FAC.

65.     Defendants deny the allegations of Paragraph 65 of the FAC.

66.     Defendants deny the allegations of Paragraph 66 of the FAC.

67.     Defendants deny the allegations of Paragraph 67 of the FAC.

68.     Defendants deny the allegations of Paragraph 68 of the FAC.

69.     As to the allegations of Paragraph 69 of the FAC, Defendants incorporate and refer to by reference Paragraphs 1 through 68 above as though set forth fully herein.

70.     Defendants deny the allegations of Paragraph 70 of the FAC.

71.     Defendants deny the allegations of Paragraph 71 of the FAC.

72.     Defendants deny the allegations of Paragraph 72 of the FAC.

73.     Defendants deny the allegations of Paragraph 73 of the FAC.

74.     Defendants deny the allegations of Paragraph 74 of the FAC.

75.     Defendants deny the allegations of Paragraph 75 of the FAC.

76.     As to the allegations of Paragraph 76 of the FAC, Defendants incorporate and refer to by reference Paragraphs 1 through 75 above as though set forth fully herein.

77.     Defendants deny the allegations of Paragraph 74 of the FAC.

78.     As to the allegations of Paragraph 78 of the FAC, Defendants incorporate and refer to by reference Paragraphs 1 through 77 above as though set forth fully herein.

79.     Defendants deny the allegations of Paragraph 79 of the FAC.

<u>**As to Plaintiff's Prayer for Relief**</u>

Defendants deny that Plaintiff is entitled any relief prayed for within Paragraphs 1 through 12 under the Prayer for Relief section of the FAC.

<u>**AFFIRMATIVE DEFENSES**</u>

Defendants have not completed discovery as to the pertinent facts and occurrences pertaining to the Complaint.  Defendants presently lack sufficient knowledge and information to form a belief as to whether they may have additional, as of yet unstated, affirmative defenses.  In

addition to the affirmative defenses asserted below, Defendants reserve the right to assert further affirmative defenses.

FIRST AFFIRMATIVE DEFENSE

**Lack of Trademark/Trade Dress**

On information and belief, Plaintiff does not own any marks nor trade dress as to any plaque-making services, and so its trademark infringement claim must fail.  To the extent that Plaintiff does own any trademarks or trade dress for plaque-making services, they are not distinctive and are not entitled to protection.

SECOND AFFIRMATIVE DEFENSE

**No Likelihood of Confusion**

Plaintiff cannot succeed in its trademark/trade dress claims because there is no likelihood of confusion.

THIRD AFFIRMATIVE DEFENSE

**Failure to Mitigate**

To the extent Plaintiff suffered damages or harm, if any, on information and belief, Plaintiff failed to reasonably mitigate their damages, and undertook actions which were avoidable and which increased the amount and scope of their alleged damages.  To the extent Plaintiff's damages could have been mitigated, reduced, or avoided by Plaintiff, Defendants are not responsible or liable.

FOURTH AFFIRMATIVE DEFENSE

**Invalid Copyright Registration**

Defendants believe, and on that basis allege that Plaintiff's purported copyrights and registrations are invalid, properly subject to invalidation, void, and/or unenforceable based upon deficiencies, for which further investigation or discovery is likely to provide evidentiary support, as follows: (1) the registrations for the purported copyrights contain material that is not original and/or is not protectable as a matter of law; (2) the registrations for the purported copyrights contain materials originally developed by persons or entities other than Plaintiffs without the proper assignments and/or work-for-hire agreements; (3) the registrations for the purported

8

copyrights contain materials in the public domain; (4) the registrations for the purported copyrights show designs drawn to "Scènes à Faire," that is, to designs that are ordinary, commonplace, or standard in the relevant art or industry; (5) the registrations were not properly obtained and/or do not provide protection for the material identified in the Complaint; and/or (6) the registrations for the purported copyrights consist of common material in the public domain, such that any protectable elements in Plaintiff's purported copyrighted works are not sufficiently similar to the purportedly infringing works.

## FIFTH AFFIRMATIVE DEFENSE

### Fair Use

Plaintiff's copyright claims are barred in whole or in part because any of Defendants' alleged use of Plaintiff's materials constitutes fair use of Plaintiff's purported copyrighted materials because: (1) Defendants' use is sufficiently transformative; (2) Plaintiff's purported copyright work is insufficiently creative and not protectable; (3) the amount and substantiality of any portion of Plaintiff's work used is *de minimis*; and (4) the use has no negative effect on the potential market of Plaintiff, among other things.

## SIXTH AFFIRMATIVE DEFENSE

### Innocent Infringer – Lack of Willfulness/Advice of Counsel

To the extent that Defendants infringed any valid copyright or other intellectual property right of Plaintiff, which conduct Defendants deny, such infringement was innocent and not intentional or willful and thus cannot support an award of exemplary or statutory damages. Additionally, Defendants obtained the advice of counsel in maintaining their business model and therefore reasonably believed their actions to be lawful.

## SEVENTH AFFIRMATIVE DEFENSE

### First Sale Doctrine

Platinff's valid copyrights or other intellectual property rights are unenforceable to extent they conflict with the First Sale Doctrine, as certain uses of the works at issue occurred after transfer of material ownership of the works to Defendants.

## EIGHTH AFFIRMATIVE DEFENSE

9

**Lack of Defined Trade Dress**

Plaintiffs' trade dress infringement claims are barred, in whole or in part, because any alleged trade dress lacks distinctiveness and therefore is not protectable.

NINTH AFFIRMATIVE DEFENSE

**Trademark Fair Use/Nominative Fair Use**

Plaintiff's trademark and trade dress claims are barred, in whole or in part, by the doctrine of nominative fair use in that Defendants use the trademark/purported trade dress with goods and services that are not readily identifiable without such use, Defendants use only so much of the trademark/purported trade dress as is reasonably necessary to identify the goods or services in question, and Defendants take no actions that would suggest sponsorship or endorsement by Plaintiff.

TENTH AFFIRMATIVE DEFENSE

**Lack of Direct Infringement**

Plaintiff's claims of vicarious and contributory copyright, trademark, and trade dress infringement against Defendant Roscoe are barred because there has been no direct infringement upon any intellectual property right of Plaintiff.

ELEVENTH AFFIRMATIVE DEFENSE

**No Entitlement to Profits, Fees, Enhanced, and/or Punitive Damages**

Plaintiff cannot establish that it is entitled to any of Defendants' profits, treble/multiplied damages, attorneys' fees, and/or punitive damages.

TWELFTH AFFIRMATIVE DEFENSE

**No Causation nor Damages**

Plaintiffs' claims are barred, in whole or in part, because on information and belief, the alleged conduct of Defendants did not proximately cause any harm claimed by Plaintiff, and Plaintiff has suffered no harm.

**PRAYER FOR RELIEF**

WHEREFORE, Defendants pray for judgment herein as follows:

10

1.    That Plaintiff takes nothing by way of their Complaint;

2.    That Defendants be awarded costs of suit and attorneys' fees.

3.    That the Court award Defendants and further relief as deemed proper.

/ / /

/ / /

/ / /

Dated: March 10, 2020

Respectfully submitted,

**GORDON REES SCULLY MANSUKHANI, LLP**

/s/ Michael C. Heyden, Jr.
Michael C. Heyden, Jr. (#5616)
Yuo-Fong Amato (admitted *pro hac vice*)
1202 North King Street, Suite B
Wilmington, DE 19801
P: 302-992-8954
F: 302-724-6444
mheyden@grsm.com

-and-

Yuo-Fong Amato (admitted *pro hac vice*)
**GORDON REES SCULLY MANSUKHANI, LLP**
1717 Arch Street, Suite 601
Philadelphia, PA 19103

*Attorneys for Defendants That's Great News, LLC and Robert R. Roscoe*

*Attorneys for Defendants That's Great News, LLC and Robert R. Roscoe*

11

JURY DEMAND

Defendants hereby demand a trial by jury of all issues so triable.

Respectfully submitted,

**GORDON REES SCULLY
MANSUKHANI, LLP**

/s/ Michael C. Heyden, Jr.
Michael C. Heyden, Jr. (#5616)
Yuo-Fong Amato (admitted *pro hac vice*)
1202 North King Street, Suite B
Wilmington, DE 19801
P: 302-992-8954
F: 302-724-6444
mheyden@grsm.com

-and-

Yuo-Fong Amato (admitted *pro hac vice*)
**GORDON REES SCULLY
MANSUKHANI, LLP**
1717 Arch Street, Suite 601
Philadelphia, PA 19103

*Attorneys for Defendants That's Great
News, LLC and Robert R. Roscoe*

1

## <u>CERTIFICATE OF SERVICE</u>

The undersigned does hereby certify that, on March 10, 2020, a copy of the foregoing

document was served on:

Richard L Abbott
Abbott Law Firm, LLC
724 Yorklyn Road, Suite 240
Hockessin, DE 19707

<u>/s/ Michael C. Heyden, Jr.</u>
Michael C. Heyden, Jr. (#5616)
